In re Giuseppe Matera, Bankrupt.

Peter CARINI, Plaintiff-Appellee,

v.

Giuseppe MATERA, Defendant-Appellant.

No. 77–2145.

United States Court of Appeals,
Seventh Circuit.

Submitted Jan. 31, 1979.

Decided Feb. 13, 1979.

---

Edward F. Neubecker, Milwaukee, Wis., for appellant.

Before SWYGERT, SPRECHER and WOOD, Circuit Judges.

PER CURIAM.

The bankrupt, Giuseppe Matera, appeals from a judgment of the district court which affirmed a bankruptcy court holding that a loan made to him by appellee Peter Carini was induced by false representations and is, therefore, a non-dischargeable debt under Bankruptcy Act § 17(a)(2), 11 U.S.C. § 35(a)(2). The facts surrounding the loan transaction are set out in the opinion of the district court, *In re Matera*, 436 F.Supp. 947 (E.D.Wis.1977), and need not be repeated here. On this appeal, Matera contends: (1) that there was no proof of moral turpitude in making the false representations; (2) that Carini's reliance on the representations was not reasonable; and (3) that Carini waived his claim, or is estopped from asserting it.*

 As the district court held and Matera argues here, § 17(a)(2) requires that for a debt to be nondischargeable the bankrupt must have obtained the money or property through representations known to be false or made with reckless disregard for the truth amounting to willful misrepresentation. *In re Houtman*, 568 F.2d 651, 655–656 (9th Cir. 1978); *In re Blessing*, 442 F.Supp. 68, 70 (S.D.Ind.1977). In addition, the courts require a showing of fraudulent intent or moral turpitude on the part of the debtor, i. e., an intent to deceive. *In re McMillan*, 579 F.2d 289, 292 (3d Cir. 1978); *In re Houtman, supra; In re Blessing, supra; In re Dolnick*, 374 F.Supp. 84, 90 (N.D. Ill.1974). These questions of knowing or reckless falsehood and intent to deceive are questions of fact, *In re Nelson*, 561 F.2d 1342, 1347 (9th Cir. 1977), and the bankruptcy court's findings on those issues are conclusive unless clearly erroneous, Bankr. Rule 810; *In re Land Investors, Inc.*, 544 F.2d 925, 933 (7th Cir. 1976). From the evidence produced at the hearing in the bankruptcy court it is clear that Matera's statements about the profitability of his bakery were grossly reckless at a minimum. Moreover, the fact that Matera deposited $4,000 in his personal account the day after the $5,000 loan in question, coupled with his various lies to induce both a later loan of $500 and the transfer to Carini of another business in exchange for forgiving part of the loan, justify the finding of intent to deceive or moral turpitude. Indeed, where, as here, a person knowingly or recklessly makes a false representation which the person knows or should know, will induce another to make a loan, intent to deceive may logically be inferred. *In re Nelson, supra*, 561 F.2d at 1346–1347. Thus, it cannot be said that the finding that the loan of $5,000 was "obtained by false representations" within the meaning of § 17(a)(2) is clearly erroneous.

Furthermore, once a creditor establishes a *prima facie* case of fraud, the burden of coming forward with some proof or explanation of the alleged fraud shifts to

---

* The parties having waived oral argument, this appeal has been submitted on the briefs and record pursuant to Rule 2, Fed.R.App.P.

the debtor. *In re Taylor*, 514 F.2d 1370, 1373 (9th Cir. 1975). The courts have given great weight to the testimony of the parties and the opportunity of the bankruptcy judge to assess their credibility. *In re Taylor, id.; In re Nelson, supra.* Here, Carini testified at length and the bankruptcy judge obviously believed his testimony. Matera, in contrast, declined to testify at all. He presented no evidence on the issues of knowing or reckless falsehood and intent to deceive. In such circumstances a reviewing court may not lightly overturn the findings of the bankruptcy court. Bankr. Rule 810; *In re Taylor, supra.*

Matera next contends, correctly, that § 17(a)(2) requires a finding that the creditor actually relied upon the false representations. *In re McMillan, supra*, 579 F.2d at 292 n.5; *In re Houtman, supra*, 568 F.2d at 655. And of course such reliance must be reasonable. But here again it cannot be said that the court committed clear error in finding that Carini acted reasonably in relying on Matera's representations. Matera's arguments on this point rely almost entirely upon Carini's failure to make inquiries and examine records *after* the loan had been made. The reasonableness of appellee's conduct *after* turning over his money is, however, irrelevant to the reasonableness of his reliance on the representations which induced the loan in the first place. Taking into account, as both courts have, the close friendship between the parties, Carini's observations of Matera's spending habits, the repetition of the false representations over a six month span, and the other circumstances prior to the loan, the finding of reasonable reliance is supported by the evidence.

Finally, the district court correctly noted that since Carini's repeated inquiries about the "cash flow problem" were put off by Matera's various schemes, Carini did not learn the truth about the business until late July; and the parties terminated their relationship on August 16. Thus, Carini did not continue to affirm the transaction knowing of the misrepresentation so as to acquiesce in or waive Matera's fraud. *See* 3 Pomeroy's Equity Jurisprudence §§ 816–817, 897 (5th ed. 1941).

Accordingly, the judgment of the district court is affirmed.