**In the Matter of Robert J. SMITH, Susan E. Smith a/k/a Mr. P., Ltd. d/b/a Sonny's Restaurants, Debtors.**

Bankruptcy No. 80–02233.

United States Bankruptcy Court,
E. D. Wisconsin.

Aug. 3, 1981.

R. Arthur Ludwig, Ludwig & Shlimovitz, Milwaukee, Wis., for trustee.

Randall D. Crocker, Lichtsinn, Haensel, Bastian & Erchul, S.C., Milwaukee, Wis., for debtors.

## MEMORANDUM DECISION AND ORDER

C. N. CLEVERT, Bankruptcy Judge.

Relying upon Wisconsin law (§ 815.18(30) Stats.) and the equitable powers of the bankruptcy court, the trustee in bankruptcy has asked that the debtors be denied all of their exemptions on the ground that they committed a fraud upon the court by failing to perform various obligations while they were debtors-in-possession under Chapter 11.

The trustee sought to support his objection to the allowance of the debtors' exemptions by proving:

A. The debtors failed to make required monthly reports to the court;

B. The debtors failed to file timely up to date reports;

C. The debtors failed to supply the creditors' committee with various records, failed to open special tax accounts and failed to pay trust fund taxes as ordered by the court;

D. The debtors failed to pay their Chapter 11 business expenses;

E. The debtors paid themselves $5,850.00 during their Chapter 11;

F. Debtor Robert Smith directed his employees to order merchandise on credit in order to raise money to pay taxes;

G. The debtors hired and paid an accountant without court authorization;

H. The debtors paid their attorney without court authorization; and

I. The debtors failed to file federal tax forms.

\*      \*      \*      \*      \*      \*

## DISCUSSION

The essence of the trustee's objection is that the debtors perpetrated a fraud upon this court. However, at the hearing on the trustee's objection held on April 10 and June 9 the evidence he presented did not even remotely suggest how, if at all, the court or creditors were mislead. Furthermore, there was nothing in the record to indicate that the debtors intended to mislead anyone or that the debtors made any misrepresentations during the course of their Chapter 11. Therefore, the evidence failed to support the trustee's fraud allegation. *In re Matera (Carini v. Matera)*, 592 F.2d 378, 5 B.C.D. 56 (7th Cir. 1979).

The trustee's objection to the allowance of the debtors' exemptions is denied.