PELL, Circuit Judge.
 

 Plaintiff Joseph A. Gabellini appeals from a district court order affirming a judgment by the bankruptcy court that discharged an alleged debt owed to him by bankrupt defendants.
 

 The dispute stems from the sale of a laundromat in July of 1976. Before purchasing the laundromat, plaintiff demanded that defendants warrant the store’s gross sales figure for the first five months of 1976. Defendants agreed to this condition and determined that sales totaled $51,960 for the period. They obtained and verified this information through telephone conversations with the store’s manager. Subsequent to taking possession, plaintiff discovered that gross sales had fallen off considerably from the past levels warranted by defendants. He later learned that the $51,-960 figure included not only monies received for customer work completed and paid for at the store he purchased, but also credits for work done for other laundromats owned by defendants. Defendants concede that when these bookkeeping entries are ignored, gross sales totaled less than $43,000 for the relevant period.
 

 After defendants filed voluntary petitions in bankruptcy, plaintiff applied to the bankruptcy court to prevent discharge of the debt because of alleged fraud. The bankruptcy court concluded that plaintiff failed to sustain his burden of proof and discharged the debt. On appeal, the district court reversed. It held that all elements of fraud were satisfied except that of intent to deceive and remanded the case for a determination of that issue. On remand, the bankruptcy court held that the representations, while erroneous, lacked the intent required to bar discharge. The district court affirmed, and plaintiff appeals.
 

 Debts incurred through a bankrupt’s false representations will not be discharged. 11 U.S.C. § 35(a)(2) (repealed) (current version at 11 U.S.C. § 523(a)(2)).
 
 [1]
 
 We have interpreted this provision to include representations known to be false when made “or made with reckless disregard for the
 
 *581
 
 truth amounting to willful misrepresentation.”
 
 Carini v. Matera,
 
 592 F.2d 378, 380 (7th Cir.1979).
 
 See also In re Houtman,
 
 568 F.2d 651, 655-56 (9th Cir.1978). The debtor must also have scienter,
 
 i.e.,
 
 an intent to deceive.
 
 Carini v. Matera,
 
 592 F.2d at 380;
 
 Matter of McMillan,
 
 579 F.2d 289, 292 (3d Cir.1978);
 
 Wright v. Lubinko,
 
 515 F.2d 260, 263 (9th Cir.1975). Questions of scienter are questions of fact to be determined by the bankruptcy court.
 
 Carini v. Matera,
 
 592 F.2d at 380;
 
 In re Pedrazzini,
 
 644 F.2d 756, 758 (9th Cir.1981). These findings cannot be reversed on appeal unless clearly erroneous. Bankr. Rule 810;
 
 Matter of Land Investors, Inc.,
 
 544 F.2d 925, 933 (7th Cir.1976).
 

 We do not doubt, as the district court apparently did not doubt, that defendants misrepresented the gross sales figure for the laundromat. The troublesome issue is whether they pressed their misrepresentation with “fraudulent intent or moral turpitude.”
 
 Carini v. Matera,
 
 592 F.2d at 380.
 

 The bankruptcy court specifically concluded that any error in the warranted figure was not motivated by an intent to deceive. Plaintiff attempts to demonstrate the clear error of this conclusion by asserting that the manager provided a gross sales figure which included the misleading bookkeeping entries despite his knowledge of the purpose for which the figure was requested. The apparent inference to be drawn from this fact is that the manager must have intended to deceive plaintiff.
 
 [2]
 

 This argument is unconvincing. First, the record supports a conclusion that the manager did not know why the sales information was needed. Second, even if the manager did know, it does not necessarily follow that his failure to adjust the figure was motivated by fraudulent intent. For example, strict adherence to established bookkeeping procedures could produce the same unfortunate result. Indeed, the bankruptcy court found that the manager’s inclusion of inter-store work credits in the gross sales figure followed such normal procedures.
 

 Because plaintiff fails to cite any evidence which shows that defendants acted with an intent to deceive, we cannot conclude that the findings of the bankruptcy judge are clearly erroneous.
 

 Accordingly, the district court’s order and the bankruptcy court’s judgment are
 

 Affirmed.
 

 [1]
 

 . This section provides, in relevant part,
 

 Debts Not Affected by a Discharge, a. A discharge in bankruptcy shall release a bankrupt from all of his provable debts, whether allowable in full or in part, except such as ... (2) are liabilities for obtaining money or property by false pretenses or false representations ....
 

 [2]
 

 . On remand, the bankruptcy court focused on the intent of the manager who provided the sales figure. The district court had held that such intent would be imputed from the manager to defendants on a principal-agent theory. Because we conclude that even the agent lacked the requisite intent, we need not decide whether this imputation was proper.