**UNITED LEASING CORPORATION, Plaintiff,**

v.

**Russell H. ROOP, Defendant.**

**Civ. A. No. 85–20–NN.**

United States District Court, E.D. Virginia, Newport News Division.

March 29, 1985.

Stephen A. Chaplin, Richmond, Va., for plaintiff.

Linda W. Coppinger, Williamsburg, Va., for defendant.

## ORDER

CLARKE, District Judge.

This matter comes before this Court on appeal from the decision of the United States Bankruptcy Court, pursuant to Rule 8001(a), Rules of Bankruptcy Procedure.

Appellant, United Leasing Corporation ("United"), had filed a complaint in the Bankruptcy Court seeking a declaration by that Court that appellee, Russell Roop's ("Roop") debt to United is non-dischargeable. United asserted that Roop had obtained an extension of credit from United by use of a materially false written statement concerning his financial condition. Accordingly, United attempted to persuade the Bankruptcy Court that Section 523(a)(2)(B) [11 U.S.C. § 523(a)(2)(B) ] of the Bankruptcy Code governs and that the Court should declare the debt non-dischargeable. The Bankruptcy Court, Judge Hal J. Bonney presiding, ruled that the debt was dischargeable. In his ruling, Judge Bonney stated that United had failed to prove that Roop had acted with an intent to deceive. United timely noted its appeal to this Court.

## STATEMENT OF FACTS

Appellant is a corporation that purchases equipment of various kinds for its customers and then leases that equipment to them. United extended credit to Roop in April of 1983.

Roop had selected certain refrigeration equipment that it wanted for its grocery business. United purchased the equipment, then leased it to Roop. Before it would agree to extend Roop credit, United requested and obtained a financial statement from him and independently secured a credit report on him. Based on the information contained in the statement and the report, it extended credit to Roop. Roop subsequently defaulted on his lease and filed a petition in bankruptcy seeking to discharge the debt.

After Roop's default under the lease, United learned of numerous material misstatements in the financial statement that Roop had submitted.

First, Roop overstated the value of his house by approximately $45,000. In his financial statement, dated February 3, 1983, Roop valued his house at $120,000.00; in his bankruptcy petition, dated April 15, 1984, he valued the same house at $72,-000.00.

Second, he overstated the value of his business property by at least $50,000, and perhaps by substantially more than that.

Third, he stated that he owned two mobile homes, when in fact he only owned one.

Fourth, in his financial statement, Roop reported that his business property was encumbered by only one mortgage, when in fact it had a $64,000.00 second mortgage on it.

Finally, Roop also omitted the $26,000.00 second mortgage on the home in which he lived.

Roop's default on the lease with United resulted in a loss to United of $16,190.18. The lease also provided that United would be entitled to a 25% attorney's fee, bringing the total amount of the debt to $19,-238.53.

## DISCUSSION

Section 523(a)(2)(B) requires four elements to be proved to establish nondischargeability of a debt. Those elements are: (1) the use of a statement in writing that is materially false, (2) respecting the debtor's financial condition, (3) on which the creditor reasonably relied, (4) that was made with an intent to deceive.

In its decision delivered from the bench, the Bankruptcy Court ruled in this case

that appellant had clearly and convincingly established the first three elements required by the statute, but that it had failed to establish "intent to deceive." It ruled as a matter of law that intent to deceive required a showing of moral turpitude or guilty scientia and that the intent could not be inferred (Tr. at 53).

On this appeal, United contends that the case law does not support the Bankruptcy Court's interpretation of the intent to deceive requirement and that the Court incorrectly ruled that it could not infer intent to deceive. United urges this Court to rule first, that the requisite intent to deceive may be shown by indirect evidence, and second, that the Bankruptcy Court should have inferred the intent in this case.

Discussing the "intent to deceive" requirement of Section 523(a)(2)(B), Collier writes in his treatise on bankruptcy:

Under the Bankruptcy Act, the weight of authority held that such intent was a material element ... (T)he explicit provision in paragraph (B)(iv) 'with intent to deceive' merely highlights the necessity of establishing that intent to deceive is a material and essential element of the false financial statement exception. It must be shown that the debtor's alleged false statement in writing was either knowingly false or made so recklessly as to warrant a finding that he acted fraudulently.

*Collier on Bankruptcy,* Para. 523.09, at 523–64 (1984). The author goes on to note, "The debtor's unsupported assertions of an honest intent will not overcome the natural inferences from admitted facts." *Id.* at 523–65.

The weight of the case law supports the appellant's argument that intent to deceive may be inferred when a person knowingly or recklessly makes a false representation in order to induce another to make a loan. As the Seventh Circuit stated:

Where, as here, a person knowingly or recklessly makes a false representation which the person knows or should know will induce another to make a loan, intent to deceive may logically be inferred.

*Carini v. Matera,* 592 F.2d 378, 380 (7th Cir.1979), *citing In re Nelson,* 561 F.2d 1342, 1346–47 (9th Cir.1977).

The Bankruptcy Court for the Eastern District of Wisconsin addressed a situation similar to the one before this Court in *In re Blatz,* 37 B.R. 401, 404 (Bkrtcy.E.D.Wis. 1984). That Court found that the financial statement of the debtor seeking discharge was so replete with significant errors as to warrant, at a minimum, a finding of gross recklessness on the part of the debtor. Such recklessness was sufficient for the Court to logically infer an intent to deceive. That Court went on to note:

Although fraud used in the context of excepting a debt from discharge means 'positive fraud involving moral turpitude', such fraud may be implied if the totality of circumstances so requires.

*Id.* at 404.

In *In re Schlickmann,* 6 B.R. 281 (Bkrtcy.D.Mass.1980), another Bankruptcy Court wrote that:

Direct proof of fraudulent intent is rarely available. Therefore, intent to deceive may be inferred when the totality of the circumstances presents a picture of deceptive conduct by the debtor which indicates that he did intend to deceive and cheat the lender. The representation coupled with his conduct is sufficient to permit the court to infer the requisite intent.

*Id.* at 282. *See also Waterbury Community Federal Credit Union v. Magnusson,* 8 B.C.D., 708, 712 (N.D.N.Y.1981) (debtor who knowingly makes false statement held to have intended natural consequences of his act).

In ruling that intent to deceive could not be inferred, the Bankruptcy Court in this case cited *United Virginia Bank v. Scott,* No. 81–171–NN (E.D.Va. Slip op. March 7, 1983). In that decision, the Chief Judge of this Court stated:

It is well settled ... that § 523(a)(2)(A) contemplates fraud which involves moral turpitude or intentional wrong.

*Id.* at 1. The Court did not, in that opinion, rule that the moral turpitude or intentional wrong could not logically be inferred from the fraudulent acts of the debtor. Furthermore, the *United Virginia Bank v. Scott* decision turned on the Court's finding that the creditor in that case did not reasonably rely on the misrepresentations of the debtor. The Court never addressed how the moral turpitude or intentional wrong of the debtor could be proven.

This Court finds that intent to deceive may be inferred where a debtor's written statement is either knowingly false or made so recklessly as to warrant a finding that he acted fraudulently. This ruling is not inconsistent with the decision in *United Virginia Bank v. Scott.*

The Bankruptcy Court ruled that the first three elements of Section 523(a)(2)(B) were shown here: a false written statement, respecting the debtor's financial condition, on which the creditor reasonably relied. The Court erred in ruling that the fourth requirement could not be inferred. This Court rules that intent to deceive may be inferred and, on the facts of this case, should have been inferred. The findings of fact of the Bankruptcy Court that Roop knowingly supplied false information on his financial statements justify an inference that Roop intended to deceive United. That inference, along with the Bankruptcy Court's finding that United reasonably and detrimentally relied on the misrepresentations, requires a declaration that Roop's debt to United is non-dischargeable.

The decision of the Bankruptcy Court is REVERSED and this action is REMANDED to the Bankruptcy Court for further administration of the defendant's bankruptcy consistent with this opinion.

IT IS SO ORDERED.