In re Mary Geraldine McCLURE, d/b/a Colonial Motor Lodge Inn, McClure Real Estate, Mary McDonnold, Inc., Debtor.

Kent HENRY and Larry Atwood, Plaintiffs,

v.

Mary Geraldine McCLURE, Defendant.

Bankruptcy No. 85–20128.
Adv. No. 85–0043.

United States Bankruptcy Court,
D. Kansas.

Nov. 14, 1986.

Mary Geraldine McClure, Wichita, Kan., pro se.

Kent Henry and Larry Atwood, Springfield, Mo., pro se.

Gary A. Powell, of Farrington, Curtis, Knauer, Hart & Garrison, Springfield, Mo., J. Michael Grier, of Blackwell, Sanders, Matheny, Weary & Lombardi, Overland Park, Kan., for plaintiffs.

David Seitter, Overland Park, Kan., Trustee.

## MEMORANDUM OPINION AND ORDER

BENJAMIN E. FRANKLIN, Chief Judge.

This matter came on for trial pursuant to the plaintiffs', Kent Henry and Larry Atwood, complaint to determine the dischargeability of a $15,000 debt under § 523(a)(2)(A) on October 16, 1985. The Court also considered the plaintiffs' motion for sanctions against the defendant/debtor, Mary Geraldine McClure. The plaintiffs appeared in person and through their attorney, Gary A. Powell. The debtor appeared pro se. After hearing arguments of counsel, testimony of witnesses, and receiving exhibits, the Court took both the complaint to determine dischargeability of debt and the motion for sanctions under advisement.

### FINDINGS OF FACT

1. Kent Henry and Larry Atwood, the plaintiffs herein, are partners in the retail business of selling fireworks in Greene County, Missouri. The partners operate a fireworks stand each year from June 20 to July 10.

2. From January 1, 1984 to February 7, 1985, Mary Geraldine McClure, the debtor/defendant, owned a tract of real property located at 3501 West Sunshine Street, Springfield, Missouri. The Colonial Motor Lodge is also located on the real estate.

3. On October 14, 1982, the debtor filed a petition in the United States Bankruptcy Court for the Western District of Missouri under Chapter 11 of Title 11 United States Code.

4. As of October 14, 1982, Paul and Ilene Halford held a mortgage on the Colonial Motor Lodge and the surrounding real estate.

5. In July, 1984, the debtor offered to lease a five-acre tract of land adjacent to the Colonial Motor Lodge to the plaintiffs for seven years, in exchange for an advance rental payment of $15,000. The plaintiffs drafted a written lease agreement and delivered it to the debtor in July, 1984. The debtor, however, rejected the agreement.

6. On November 2, 1984, the holders of the first, second, and third mortgages orally motioned the Bankruptcy Court of the Western District of Missouri to dismiss the Chapter 11 proceeding, and on November 15, 1984, the court sustained the motion and dismissed the case.

7. On December 11, 1984, the debtor received a notice of trustee's sale. The notice stated that due to default in the payment of the note secured by the Halford mortgage, the trustee intended to sell the premises on January 16, 1985.

8. On or around December 20, 1984, the debtor telephoned plaintiff, Kent Henry. The debtor stated that she had taken care of her debts, that she was out of the Chapter 11, and that she still desired to lease the premises to the plaintiff on the July, 1984 terms. Kent Henry stated that he would lease the premises on those terms.

9. On January 8, 1985, the debtor received a second notice of trustee's sale. The notice stated that the trustee intended to sell the premises on February 7, 1985, rather than January 16, 1985.

10. On January 16, 1985, the plaintiffs and the debtor executed a written agreement to lease the premises for the plaintiffs' fireworks stand. The plaintiffs, pursuant to the terms of the lease, delivered $15,000 to the debtor. The debtor stated that the $15,000 would be partially used to continue operations of the Colonial Motor Lodge. The debtor did not inform the plaintiffs of the scheduled foreclosure sale.

11. On February 6, 1985, the debtor filed a petition in this Court (Kansas) seeking relief under Chapter 11 of Title 11, United States Code.

12. On February 7, 1985, the successor trustee sold the premises at the scheduled foreclosure sale, after obtaining a relief from stay under section 362(d).

## ISSUE OF LAW

WHETHER OR NOT MARY GERALDINE McCLURE OBTAINED THE $15,000 FROM KENT HENRY AND LARRY ATWOOD BY FALSE PRETENSES, FALSE REPRESENTATIONS, OR ACTUAL FRAUD UNDER 11 U.S.C. § 523(a)(2)(A).

## CONCLUSIONS OF LAW

■ The plaintiffs, Kent Henry and Larry Atwood, contend that the debtor/defendant, Mary Geraldine McClure, obtained the $15,000 under the January 16, 1985 lease agreement by false pretenses, false representations, or actual fraud. The plaintiffs, therefore, claim that the $15,000 debt is non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A). In addition, the plaintiffs ask this Court to award $50,000 in punitive damages. Finally, the plaintiffs seek sanctions against the debtor for breaking an oral settlement agreement in this matter.

Section 523(a)(2)(A) excepts from discharge, debts which are obtained by "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." Bankruptcy Rule 4007 requires the creditor to prove all of the essential facts of the objection. This Court finds that the plaintiffs have sustained the burden of proof.

■ The elements of section 523(a)(2)(A) are: (1) The debtor knowingly committed actual fraud, false representations, or false pretenses; (2) the debtor intended to deceive the plaintiffs; (3) the plaintiffs reasonably relied upon the debtor's conduct; and (4) the reliance proximately caused damage to the plaintiffs. *In re Ridgway*, 24 B.R. 780 (Bankr.D.Kan.1982); and *In re Pappas*, 23 B.R. 715 (Bankr.D.Kan.1982).

The Court finds that McClure committed actual fraud, false representation, or false pretenses. On or around December 20, 1984, she telephoned Kent Henry. She stated that she had taken care of her debts. In fact, the debtor had received a notice of a trustee's sale just nine days prior to the discussion. Thereafter, the debtor executed the lease and accepted the plaintiffs' $15,000 advance rental payment just eight days after receiving a second notice of trustee's sale. This Court further finds that the debtor knew that she would lose

the land in a short time. As such, she fraudulently induced the plaintiffs to execute the lease and to pay the $15,000 advance rental payment.

■ The second element is that the debtor must have intended to deceive the plaintiffs. An intent to deceive may be inferred from a knowingly made false statement. *In re Brewood,* 15 B.R. 211 (Bankr.D.Kan. 1981). The debtor knowingly made several false statements. Therefore, this Court finds said debtor had the requisite intent to deceive.

The third element is that the creditor must have reasonably relied on the representations by the debtor. The reliance must be "reasonable" because protection of the debtor's fresh start is more important than protection of creditors who act unreasonably. *Carini v. Matera,* 592 F.2d 378 (7th Cir.1979). The evidence shows that the plaintiffs reasonably relied on the debtor's misrepresentations. Back in July, 1984, the debtor properly rejected the lease because of bankruptcy. This action, in the best interest of the plaintiffs, indicated that the plaintiffs could trust the debtor's actions. However, the debtor did nothing later to forewarn the plaintiffs of the upcoming foreclosure sale. The plaintiffs reasonably took the debtor at her word that her financial situation was in order.

The final element is that the plaintiff sustained damage as a proximate result of the debtor's conduct. Clearly, the plaintiffs suffered a pecuniary loss of $15,000. The foreclosure sale on February 7, 1985, resulted in a forfeiture of all the plaintiffs' rights under the lease.

In the final analysis, this Court finds that: (1) the debtor McClure, knowingly committed actual fraud, false representations or false pretenses; (2) the debtor intended to deceive the plaintiffs; (3) the plaintiffs reasonably relied upon the debtor's conduct; and (4) the reliance proximately caused $15,000 in damage to the plaintiffs. As such, the $15,000 debt is nondischargeable under 11 U.S.C. § 523(a)(2)(A).

■ This Court notes that the plaintiffs also seek punitive damages against the debtor for the false representations to the plaintiffs. In addition, the plaintiffs seek sanctions against the debtor for breaking an oral settlement agreement in this matter. This Court finds that both claims must fail.

Punitive damage is not the remedy provided for by Congress for fraud in incurring a debt. If Congress intended for this Court to award punitive damages in this situation, Congress would have specifically provided for punitive damages. *See, e.g.,* 11 U.S.C. § 303(i)(2)(B) (Court may grant judgment for punitive damages against any petitioner that filed an involuntary Chapter 11 petition in bad faith). The specific remedy provided for in section 523(a)(2)(A) is nondischargeability of a generally dischargeable debt.

■ The plaintiffs also request this Court to impose sanctions against the debtor, pursuant to F.R.C.P. 16(f), in the form of $500 in attorneys fees and expenses. The plaintiffs claim that the parties orally agreed to a settlement stipulation. Pursuant to the agreement, plaintiffs' counsel, Gary A. Powell, drafted a stipulation to present to the Court at the scheduled pretrial conference on August 13, 1985. On August 1, 1985, debtor's counsel, Joyce B. Kerber, filed a motion to withdraw as counsel. The Court scheduled the motion to also be heard on August 13, 1985. The plaintiffs' counsel, Powell, claims that if he had known that McClure would break the oral agreement, he would not have appeared at the pretrial hearing. He argues that if the Court sustained the withdrawal motion, the Court would also continue the hearing to allow the debtor to retain new counsel. Therefore, an appearance by plaintiffs' out-of-state counsel would be unnecessary. The plaintiffs' local counsel would have handled the procedural matter. The plaintiffs claim that the debtor acted in bad faith in breaking the oral settlement agreement and, therefore, the plaintiffs incurred needless attorneys' fees and costs.

■ If a party or parties' attorney fails to participate in a pretrial conference in good faith, the Court can impose sanctions.

F.R.C.P. 16(f). However, the Court finds that the plaintiffs have not shown any evidence of bad faith on the part of the debtor in rejecting the settlement stipulation. The Court finds that the debtor could have backed out of the agreement for a variety of reasons. The debtor, after all, was acting pro se at this point. The debtor may have wanted to retain counsel before submitting the settlement agreement to the Court; or for one reason or another, she may not have agreed with the settlement her former attorney had, in good faith, thought was in her best interest.

### ORDER

In accordance with the above memorandum, IT IS, BY THE COURT, ORDERED that judgment be for the plaintiffs and against the defendant/debtor in the amount of $15,000.00 plus 9% interest per annum.

IT IS FURTHER, BY THE COURT, ORDERED That the foregoing debt is nondischargeable.

IT IS FURTHER, BY THE COURT, ORDERED That judgment is against the plaintiff with regard to the granting of punitive damages; and this Court need not impose sanctions against the defendant/debtor, Mary Geraldine McClure.