**In re Michael Dennis HABLE and Mary E. Hable, Debtors.**

**CHEVY CHASE F.S.B., Plaintiff,**

v.

**Michael Dennis HABLE and Mary E. Hable, Defendants.**

**Bankruptcy No. 88–2111–9P7.
Adv. No. 88–241.**

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

June 20, 1989.

Bill B. Berke, Cape Coral, for debtors/defendants.

Jeffrey W. Leasure, Fort Myers, Fla., for plaintiff.

## ORDER ON MOTION FOR SANCTIONS

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case and the immediate matter under consideration is a Motion for Sanctions filed by the Debtors, Michael D. Hable and Mary E. Hable, the Defendants in the above-captioned adversary proceeding. The Motion for Sanctions has its genesis in an Amended Complaint filed by Chevy Chase F.S.B. (Bank), who sought a determination that a debt allegedly due and owing from the Debtor to the Plaintiff is nondischargeable pursuant to § 523(a)(2)(A). It is the Debtors' contention that the Complaint was filed in bad faith and, therefore, sanctions pursuant to Bankruptcy Rule 9011 would be appropriate against the Bank and the Bank's counsel, Jeffrey R. Leasure. The following facts are relevant and germane to a resolution of this matter and appear from the record.

At the time relevant, the Debtors filled out a credit card application for the purpose of obtaining a credit card from the Plaintiff. It appears that a credit card was subsequently issued and charges were incurred by the Debtors and billed on a credit card account in the name of the Debtors. It further appears that at the time prior to the filing of the Petition, the Debtors were

indebted to the Plaintiff in the total amount of $3,897.12. On April 14, 1988, the Debtors filed their Voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code. On February 14, 1989, the Plaintiff filed its Amended Complaint to determine that the debts allegedly due and owing by the Debtors to the Plaintiff were nondischargeable pursuant to § 523(a)(2)(A). The Complaint alleged that the Debtors between October 20, 1987, and March 28, 1988, used their credit card 29 times, during which time they knew they did not have the ability to repay the obligation resulting from their purchases, nor did they have the intention to repay.

On February 17, 1989, the Debtors filed the Motion presently under consideration which seeks the imposition of Bankruptcy Rule 9011 sanctions against the Plaintiff and Plaintiff's counsel, Jeffrey Leasure. The Debtors contend that the Amended Complaint filed by the Plaintiff fails to state a cause of action in that the Plaintiff never revoked the Debtors' credit card privilege, and, therefore, under *First National Bank of Mobile v. Roddenberry*, 701 F.2d 927 (11th Cir.1983), the Plaintiff cannot make out a viable claim of nondischargeability based on § 523(a)(2)(A). Accordingly, the Debtors ask that this Court impose sanctions against the Plaintiff and Plaintiff's counsel for filing the Complaint which they contend was not well grounded in fact or in law in that a review of the current case law would have revealed that a claim under § 523(a)(2)(A) could not be maintained absent a clear revocation by the Plaintiff of the Debtors' privilege to use the credit card.

■ The Court has considered the Motion, together with the record, and finds and concludes as follows.

11 U.S.C. § 523(a)(2)(A) provides that a Chapter 7 discharge does not relieve the debtor from any debt "for obtaining money, property, or an extension of credit by false pretenses, a false representation or actual fraud." To succeed on a claim under this Section, a creditor must prove three elements:

1. That the debtor obtained the money through representations which the debtor either knew to be false, or with such reckless disregard for the truth as to constitute willful misrepresentation;

2. That the debtor acted with intent to deceive;

3. That the plaintiff asserting the claim actually relied on the false representation.

*In re Carini v. Matera*, 592 F.2d. 378 (7th Cir.1979).

■ It appears that the basis for the Debtors' Motion for Sanctions is grounded in the Debtors' interpretation of *In re Roddenberry, supra*, which dealt with an adversary proceeding brought pursuant to § 523(a)(2)(A). In that case, the Court of Appeals for the Eleventh Circuit held that debts incurred by the debtor's use of the credit cards after clear revocation had been communicated to them were liabilities obtained by "false pretenses" or "false representation" and, thus, would be exempt from discharge. This Court, however, is not convinced that the only situation where liabilities resulting from abuse of bank credit cards are exempt from general discharge is where the bank has clearly and unequivocally revoked the debtor's credit card privilege. In a situation where the debtor knows at the time he makes the purchases with the credit card or takes a cash advance, that he has no ability or intent to repay the indebtedness, then he has incurred the liability under false pretenses, notwithstanding that the credit privilege was never revoked.

Based on the foregoing, this Court is satisfied that a viable claim under § 523(a)(2)(A) can possibly be maintained, notwithstanding the revocation requirement propounded in *Roddenberry*. Accordingly, this Court is satisfied that the Motion for Rule 9011 Sanctions should be denied inasmuch as this Court is satisfied that the Complaint based on § 523(A)(2)(A) was not baseless just because it lacked an allegation of revocation of the Debtor's credit card privilege by the Plaintiff.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Motion for Bankruptcy Rule 9011 Sanctions against the Plaintiff and Plaintiff's counsel, Jeffrey R. Leasure be, and the same is hereby, denied.

DONE AND ORDERED.