46 F.3d 1141
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Isidor FRIEDMAN and Dorothy Friedman, Debtor.
Isidor FRIEDMAN; Dorothy Friedman, Appellants,
v.
Philip C. GRACE; David A. Siegel, Appellees.
 No. 93-55823.
 United States Court of Appeals, Ninth Circuit.
 Submitted: Jan. 12, 1995.*
Decided: Jan. 27, 1995.
 
 1
 Before: CANBY and NOONAN, Circuit Judges, and KING** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Because the parties are familiar with the facts of the case, we will not recite them here. The bankruptcy court correctly concluded that all elements necessary for the doctrine of res judicata to operate were met, and thus did not err in granting Grace's motion for summary judgment on the issue of non-dischargeability. We therefore affirm the Bankruptcy Appellate Panel's decision.
 
 
 4
 Grace and Siegel filed their original objection to discharge in the first Friedman bankruptcy pursuant to the then-applicable non-dischargeability statute, section 17(a)(2) of the Bankruptcy Code, 11 U.S.C. Sec. 35(a)(2) (1976). Section 17(a)(2) provided that a discharge in bankruptcy would not release a bankrupt from
 
 
 5
 liabilities for obtaining money or property by false pretenses or false representations, or for obtaining money or property on credit or obtaining an extension or renewal of credit in reliance upon a materially false statement in writing respecting his financial condition made or published or caused to be made or published in any manner with intent to deceive ....
 
 
 6
 Id. (emphasis added).
 
 
 7
 In 1978, Congress enacted 11 U.S.C. Sec. 523 to succeed section 17(a) in determining non-dischargeability of debts in bankruptcy. Section 523(a)(2)(B)(iii) now explicitly requires that the creditor reasonably rely on debtor's false financial statement before a debt is judged non-dischargeable. When Grace and Siegel filed their objection to discharge of debt during the second bankruptcy proceeding in 1991, their claim was governed by this successor non-dischargeability statute.
 
 
 8
 Friedman argues that section 523 added a new element to the cause of action for non-dischargeability because the language of section 17(a)(2) explicitly required only a creditor's reliance, regardless of his reasonableness. Because the statute did not on its face require Grace to prove that his reliance was reasonable, Friedman asserts that he did not vigorously resist Grace's proof thereof. According to Friedman, then, the reasonableness of Grace's reliance was not "fully and fairly litigated" in the first proceeding, and res judicata should not here apply. Friedman, however, has mistaken the law.
 
 
 9
 Courts interpreting section 17(a)(2) have consistently read into the statute a requirement that a creditor's reliance be reasonable. Carini v. Matera, 592 F.2d 378, 381 (7th Cir. 1979); In re White, 130 B.R. 979, 986 (Bankr. D. Mont. 1991); In re Howarter, 95 B.R. 180, 191 (Bankr. S.D. Cal. 1989). Congress in fact enacted section 523(a)(2)(B)(iii) to codify these and other cases similarly interpreting section 17(a)(2). See In re Kreps, 700 F.2d 372, 376 (7th Cir. 1983); see also H.R.Rep. No. 595, 95th Cong., 1st Sess. 364 (1977) ("[T]he creditor must not only have relied on a false statement in writing, the reliance must have been reasonable. This codifies case law construing [section 17(a)(2)].").
 
 
 10
 Friedman thus is incorrect in arguing that section 523(a)(2)(B) adds any new element of proof to the non-dischargeability standard. Reasonableness of reliance was a necessary element under the predecessor statute, section 17(a)(2), and was fully and fairly litigated in the proceedings on Grace's first objection to discharge of debt. The record demonstrates that Grace there put into issue and proved his reasonable reliance on Friedman's financial statement. ER at 59-60.
 
 
 11
 Friedman reminds us that he tried the non-dischargeability issue in the first proceeding pro se, and pleads ignorance, due to his unfamiliarity with the law, of the judge-made reasonableness requirement. While it is unfortunate that his attorney withdrew shortly before the proceeding, Friedmand voluntarily chose to continue on his own, and will not now be heard to complain. See Jacobsen v. Fuller, 790 F.2d 1362, 1365 n.5 (9th Cir. 1986).[1]
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decisin without argument. Fed. R. App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 The Honorable Samuel P. King, Senior District Judge for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36-3
 
 
 [1]
 ("The hazards which beset a layman when he seeks to represent himself are obvious. He who proceeds pro se with full knowledge and understanding of the risks does so with no greater rights than a litigant represented by a lawyer, and the trial court is under no obligation to become an 'advocate' for or to assist and guide the pro se layman through the trial thicket.") (quoting United States v. Pinkey, 548 F.2d 305 (10th Cir. 1977)