*1112
 
 EASTERBROOK, Circuit Judge.
 

 In October 1985 Joseph Bucci filed a bankruptcy petition stating that he had substantial debts and no non-exempt assets. The trustee promptly commenced an adversary proceeding against Bucci, his former wife Bruna, and his son Bruno, contending that Bucci fraudulently transferred assets to Bruna and Bruno in a property settlement approved by the state court presiding over divorce proceedings. Bucci transferred to them his entire interest in the family’s principal residence, a 24-unit apartment building, and a motel, plus two cars. In 1986 the bankruptcy judge concluded that the transfer was avoidable, see 11 U.S.C. § 548(a)(1), because Bucci acted with intent to hinder or frustrate his creditors and did not receive equivalent value for the property. Bucci did not tell the state court about his debts, leading the state judge to believe that Buc-ci had large equity interests in the home, apartment building, and motel, which could be transferred to his wife and child in lieu of support. In fact Bucci had no net interest; his debts exceeded the value of the property. Bucci did not appeal to the district court from the order avoiding the transfer; Bruna’s appeal was not prosecuted.
 

 Later the trustee asked the bankruptcy judge to deny Bucci a discharge, a step 11 U.S.C. § 727(a)(2)(A) authorizes in the event of fraudulent pre-bankruptcy transfers. The trustee argued that the disposition of the earlier proceeding is conclusive; Bucci demanded an opportunity to reliti-gate. Finding that the result in the action to avoid the transfer met all the requirements for issue preclusion, the bankruptcy judge denied Bucci a discharge. 97 B.R. 954 (Bankr.N.D.Ill.1989), affirmed, 103 B.R. 927 (N.D.Ill.1989). Bucci asks us to hold that he is entitled to a second trial because, he says, he lacked the incentive to litigate vigorously in the proceeding seeking to avoid the transfer. The property would go either to his ex-wife and son or to his creditors, Bucci insists, making it rational to loiter on the sidelines of that litigation. Now that the result hurts him personally, he wants a fresh opportunity.
 

 It is not clear to us that the case presents questions about issue preclusion (collateral estoppel) rather than law of the case. Adversary proceedings in bankruptcy are not distinct pieces of litigation; they are components of a single bankruptcy case, and it is debatable whether Bucci could have appealed to us in 1986 a conclusion that his creditors rather than his wife would obtain his former interest in the motel. See
 
 In re Kilgus,
 
 811 F.2d 1112 (7th Cir.1987). If law of the case is the right way to characterize the bankruptcy court’s decision in 1986, then the bankruptcy judge was right to follow the decision in 1989, but this would not block the district judge (or this court) from examining the merits. Law of the case does not block a superior court from examining the correctness of the earlier decision. Bucci does not ask us to employ principles of law of the case rather than preclusion, however. In civil litigation we accept the issues framed by the parties. So we shall examine the bankruptcy court’s 1986 decision through the lens of issue preclusion, without deciding that this is the proper approach.
 

 Issue preclusion applies to a question that has been “actually litigated and determined by a valid and final judgment, [if] the determination is essential to the judgment.”
 
 Restatement (Second) of Judgments
 
 § 27 (1982). See
 
 Teamsters Local 282 Pension Trust v. Angelos,
 
 815 F.2d 452 (7th Cir.1987);
 
 Garza v. Henderson, 779
 
 F.2d 390, 392 (7th Cir.1985);
 
 Crowder v. Lash,
 
 687 F.2d 996, 1009 (7th Cir.1982). Whether Bucci’s transfer was a fraud on his creditors was actually, and necessarily, determined by the bankruptcy judge in 1986, in a proceeding to which Bucci was a party.
 

 Bucci insists that this is insufficient because he had no reason to contest the trustee’s motion to avoid the transfer: no matter the disposition, he would not get the assets. Inadequate incentive to litigate is an exception to non-mutual estoppel, see
 
 Parklane Hosiery Co. v. Shore,
 
 439 U.S. 322, 330, 99 S.Ct. 645, 651, 58 L.Ed.2d 552 (1979). Someone sued for a nominal
 
 *1113
 
 amount will not put up the full defense justified in big-stakes cases, and it may be hard to anticipate that an issue in a pipsqueak of a case will have grave consequences later. Issues resolved after halfhearted efforts may be relitigated, when circumstances conduce to more accurate decisions. This principle does not carry over unalloyed to cases of
 
 mutual
 
 estop-pel, however, because a party will be aware of other disputes with the same adversary.
 
 Restatement
 
 § 28(5)(b) and (c) describes exceptions to mutual issue preclusion when “it was not sufficiently foreseeable at the time of the initial action that the issue would arise in the context of a subsequent action” or “the party sought to be precluded, as a result of the conduct of his adversary or other special circumstances, did not have an adequate opportunity or incentive to obtain a full and fair adjudication in the initial action”. Neither helps Bucci.
 

 Bucci (or his lawyer) could not help knowing that a finding of fraudulent transfer in the avoidance action would affect the availability of a discharge. A desire to preserve eligibility for discharge was more than ample incentive to resist the trustee’s motion to avoid the transfer. Bucci does not identify any unjust or surprising “conduct of his adversary”, and there are no “special” circumstances. This is a perfectly ordinary sequence in bankruptcy litigation: first avoid the transfer, then invoke the reasons for the avoidance to show that the debtor is not entitled to a discharge. Bucci would have had reasons to resist the trustee’s motion even apart from the effect of the decision on his discharge. The property transferred to wife and child was in lieu of support obligations. If they had to give up the property, it was predictable that they would seek support. Obligations to support one’s family are not dischargea-ble. 11 U.S.C. § 523(a)(5). Bucci responds that the decree entered by the state court extinguishes their right to maintenance and support, but a state judge could and probably would set aside such a clause when the consideration for it (the properties) is snatched back. Bucci’s interests were at stake in 1986, and he had ample reasons to defend — if he had any defenses that his wife did not offer. (The action was hotly contested, and Bucci does not tell us what he could have done to defend that his wife and son did not do anyway.)
 

 According to Bucci, all of this is beside the point because findings concerning fraudulent transfers are
 
 never
 
 preclusive in discharge proceedings. For this proposition Bucci cites only
 
 Lovell v. Mixon,
 
 719 F.2d 1373 (8th Cir.1983), but he misunderstands the case. Mixon, the trustee, first obtained an order avoiding a transfer under § 548(a)(2), which deals with constructive fraud, and later objected to the discharge because, he asserted, the debtor had committed actual fraud. The debtor insisted that the trustee, having bypassed an opportunity to show actual fraud as a reason to avoid the transfers, was precluded from showing actual fraud in order to block the discharge. The eighth circuit sensibly replied that
 
 issue
 
 preclusion (the question in our case) did not apply because actual fraud had been neither litigated nor decided in the avoidance action; the trustee did not suffer an adverse decision on the issue and could hardly be precluded. Claim preclusion (a subject not involved here) applies only to the same claim involved in the first case. Avoiding a fraudulent transfer and blocking a discharge are not the “same claim”. It would be counterproductive to require trustees to make demands concerning discharges at the same time as they seek to avoid fraudulent transfers. Although both the avoidance question and the discharge question must be resolved in one bankruptcy case, the discharge question need not be resolved at the same time (or in the same adversary proceeding) as the avoidance question, on pain of forfeiture. None of these principles assists Bucci. The bankruptcy judge decided in the avoidance proceeding that Bucci made a fraudulent transfer. It is wholly appropriate for a trustee to follow up such a conclusion with an application to deny a discharge.
 

 Affirmed.