**Alfonso AVITIA, et al.,
Plaintiffs–Appellants,**

v.

**METROPOLITAN CLUB OF CHICAGO,
INC., Defendant–Appellee.**

No. 90–1581.

United States Court of Appeals,
Seventh Circuit.

Argued Dec. 10, 1990.

Decided Feb. 6, 1991.

As Amended Feb. 19, 1991.

Ernest T. Rossiello, Chicago, Ill., for plaintiffs-appellants.

Andrew J. Fisher, Don E. Glickman, Rudnick & Wolfe, Chicago, Ill., for defendant-appellee.

Before CUDAHY, FLAUM and MANION, Circuit Judges.

FLAUM, Circuit Judge.

This is an appeal from a decision of the district court denying plaintiffs' motion for injunctive relief against their employer under the Fair Labor Standards Act. We affirm.

## I.

Plaintiffs brought suit against their employer, Metropolitan Club (Metropolitan) in late 1988, charging Metropolitan with a variety of violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq*. On January 13, 1989, before trial began, plaintiffs filed a motion for injunctive relief in which they requested that the court order Metropolitan to reinstate pending trial two of the plaintiffs whom it had discharged. The two employees alleged that they had been unlawfully discharged in retaliation for bringing their FLSA claims, *see* 29 U.S.C. § 215, and asserted that 29 U.S.C. § 216(b) authorized the court to act on their request for injunctive relief. In relevant part, § 216(b) provides that

> Any employer who violates the [retaliatory discharge provisions] of this title shall be liable for such legal or equitable relief as may be appropriate ... including without limitation, employment, reinstatement, promotion, and the payment of wages lost.... An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer ... *by any one or more employees* for and in behalf of himself or themselves and other employees similarly situated. (emphasis supplied).

Citing 29 U.S.C. § 211, ("the *Secretary of Labor* shall bring all actions [for injunctive relief] to restrain violations of this chapter" (emphasis supplied)), Metropolitan responded that only the Secretary of Labor is statutorily authorized to seek equitable remedies for violations of the FLSA and thus plaintiffs could not themselves seek temporary reinstatement. The district court agreed with Metropolitan that § 211 precluded private parties from seeking equitable relief for violations of the FLSA, and denied plaintiffs' motion. Plaintiffs did not appeal this decision.

On March 31, 1989, plaintiffs again petitioned the district court for an injunction ordering reinstatement of the two discharged employees and further requested that the court enjoin Metropolitan from harassing them prior to trial. The court again denied the motion on the ground that private parties are not statutorily authorized to pursue injunctive remedies under the FLSA. Plaintiffs now appeal this second decision of the district court regarding the availability of equitable relief to private parties.

## II.

■ Metropolitan asserts that the doctrine of "law of the case" bars plaintiffs from seeking review of the district court's second decision. It argues that because plaintiffs chose not to appeal the district court's first decision on the statutory authorization question, that decision now constitutes "law of the case" which should be dispositive of the outcome in this appeal. Law of the case, however, "does not block a superior court from examining the correctness of [an] earlier decision." *Cohen v. Bucci*, 905 F.2d 1111, 1112 (7th Cir.1990). So Metropolitan's argument is not convincing. But its suggested result is the correct one, for the related doctrine of issue preclusion does bar plaintiffs from relitigating the statutory question in this appeal.

■ The doctrine of issue preclusion, or collateral estoppel, precludes a party from relitigating an issue which has been "actually litigated and determined by a valid and final judgment, [if] the determination is essential to the judgment." *Restatement (Second) of Judgments* § 27 (1982) (hereinafter *"Restatement"*); *see also United States v. Sherman*, 912 F.2d 907 (7th Cir. 1990); *Cohen*, 905 F.2d 1111 (7th Cir.1990); *Klingman v. Levinson*, 831 F.2d 1292 (7th Cir.1987). Plaintiffs filed in district court a "Motion to Set for Trial or for a Hearing on Temporary Reinstatement" on January 13, 1989. Though styled as a motion for "temporary reinstatement," plaintiffs' request was clearly one for injunctive relief. The district court properly treated it as such, and in a hearing on the matter, unambiguously dismissed plaintiffs' motion on the ground that only the Secretary of Labor may pursue injunctive remedies for violations of the FLSA. Following a vigorous exchange with plaintiffs' attorney on

the question of statutory authorization, the court stated:

> [D]efendants Response to Plaintiffs' Motion to Set for Trial or for a Hearing on Temporary Reinstatement adequately states the law, and it has sufficient citations to convince me that the type of relief that you are requesting is injunctive in nature and that you personally are barred from bringing it on behalf of your clients; and if it is to be brought at all, it should be brought by the Secretary of Labor.

*Avitia v. Metropolitan Club of Chicago,* 731 F.Supp. 872 (N.D.Ill.1990) (order denying plaintiffs' second application for preliminary injunction, reporting order denying plaintiffs' original application). Plaintiffs never appealed this decision of the district court regarding the availability of injunctive relief, and the time in which to appeal it has expired; we must now consider it to be a "valid and final" judgment that merits preclusive effect in this appeal.[1]

Plaintiffs respond that the district court's initial judgment should not be given preclusive effect because their opportunity to litigate the statutory question in the first adjudication was insubstantial. *See Kremer v. Chemical Constr. Corp.,* 456 U.S. 461, 480, 102 S.Ct. 1883, 1896, 72 L.Ed.2d 262 (1982) (collateral estoppel does not apply "when the party against whom the earlier decision is asserted did not have a 'full and fair opportunity' to litigate the claim or issue"); *Jones v. City of Alton,* 757 F.2d 878, 885 (7th Cir.1985) ("effective opportunity" to litigate issue is prerequisite to the operation of collateral estoppel). They point to the fact that the district court did not ask the parties for full briefing on the statutory authorization issue. We do not find this argument persuasive.

■ Once a party is afforded a hearing on an issue that comports with due process (and we presume, subject to the presentation of evidence to the contrary, that this is normally the case), we will further question the hearing's fairness for the purposes of applying collateral estoppel only in certain categories of cases where fairness concerns are especially pronounced; otherwise, if the operation of collateral estoppel in every case necessitated a mini-trial into the fairness of prior proceedings, the value of preclusion would be vastly diminished. Indeed, "[t]rial of the quality of the first litigation would often prove more demanding than simple retrial of the issues themselves … [and] would undermine any ability to rely on the finality of the first determination." C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4423 (1981) (hereinafter "Wright, Miller & Cooper"). Traditionally, the courts have been receptive to claims of unfairness when (1) the series of proceedings raising the issue preclusion question involved different forums that afforded litigants disparate measures of procedural protection, *see Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 331 n. 15, 99 S.Ct. 645, 651 n. 15, 58 L.Ed.2d 552 (1979); (2) the prevailing party concealed material information in the first case, *see Restatement* § 28(3) comment j; or (3) the issue was not clearly relevant to the initial litigation and so the party being estopped had no incentive to vigorously litigate the question in the first instance, *see Cohen,* 905 F.2d at 1112. *See, generally, Restatement* § 28; Wright, Miller & Cooper, § 4423.

This case presents no such special circumstances. The relevant forum here is the same in both adjudications and plaintiffs were clearly aware of the importance of the statutory question decided by the district court. Moreover, it is clear that the process afforded plaintiffs in the district court was adequate. Plaintiffs' attorney was able to supplement his sparse three-line written request for an injunction with extensive oral argument before the district court; perhaps the court would even have allowed him an opportunity to file a reply to defendant's response to his motion for injunctive relief had he so requested. In sum, we are confident that the district court "was amply advised of the arguments on both sides of the issue to

---

**1.** That this result must obtain is somewhat regrettable, for the statutory question at issue is a significant one, and not without sensible arguments on both sides.

allow him to make a reasoned decision." *Gildorn Savings Ass'n v. Commerce Savings Ass'n*, 804 F.2d 390, 393 (7th Cir.1986).

Because we find no evidence that the district court's first proceedings were unfair, we hold that plaintiffs are barred from challenging the district court's second determination that they may not seek injunctive relief under the FLSA. The decision of the district court is therefore

AFFIRMED.