991 F.2d 800
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
In re Robert G. WALTERS and Eileen Walters, Debtors.
v.
BANK OF GIBSON CITY, Plaintiff-Appellant,
v.
Robert G. WALTERS, Defendant-Appellee.
 No. 92-1572.
Bankruptcy No. 88-71683.
 
 Adv.No. 89-7008.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 17, 1993.
Decided April 14, 1993.
 Appeal from the United States District Court for the Central District of Illinois, Springfield Division, No. 91-3197, Richard Mills, Judge.
 
 
 1
 C.D.Ill.
 
 
 2
 AFFIRMED.
 
 
 3
 EASTERBROOK and KANNE, Circuit Judges, and HUBERT L. WILL, Senior District Judge.*
 
 ORDER
 
 4
 Robert Walters filed for bankruptcy. The Bank of Gibson City claimed that his debt to them was non-dischargeable under 11 U.S.C. § 523(a)(2)(B). The Bank alleged that Walters had made knowingly false statements of his financial condition in order to obtain the loans. The Bankruptcy Court found that the Bank had not proved this by clear and convincing evidence. The District Court remanded for reconsideration in light of Grogan v. Garner, 111 S.Ct. 654 (1989) which held that the preponderance of the evidence standard should be used to determine nondischargeability. On remand the Bankruptcy Court determined that the Bank had failed to meet even this lower burden of proof, and the District Court held that this finding was not clearly erroneous. The Bank has appealed and we affirm.
 
 
 5
 The factual findings of the Bankruptcy Court are reviewed under the clearly erroneous standard. Matter of Bonnett, 895 F.2d 1155, 1157 (7th Cir.1989). The findings of the Bankruptcy Court in this case are not clearly erroneous, and, in many instances, are clearly correct.
 
 
 6
 The loans were first made in 1982. Walters signed notes which were due in 90 or 180 days. The bank regularly renewed the notes, sometimes for greater and sometimes for lesser amounts. The last three notes held by the bank are from December 1987, April and May 1988. The Bank alleged that Walters' financial statements were inaccurate because they omitted certain liabilities, including two lawsuits, and because they improperly stated ownership of certain land that was held by his wife or a life estate.
 
 
 7
 The Bankruptcy Court's opinion carefully examined the evidence and found that the alleged material omissions either were not omitted or were not material. The Bank has presented no argument or evidence to show that these findings are clearly erroneous. Moreover, the Bank's allegations do not point to any omissions from the last of the several financial statements filed by Walters, and, since the loans were renewed after the the Bank's receipt of that clearly accurate financial statement, the Bank has no basis to claim it was misled.
 
 
 8
 The Bank's entire argument rests on its assertion that Walters admitted that his statements were false, and that the statements are obviously material. However, the Bank does not quote or refer to any testimony from Walters to this effect, and it is highly doubtful that he made any such admission given the Bankruptcy Court's findings to the contrary. In addition, Walters stated specifically in his responsive brief that he made no such admission. There is no basis for finding the Bankruptcy Court's findings of fact clearly erroneous.
 
 
 9
 The District Court opinion affirming the Bankruptcy Court is affirmed.
 
 
 
 *
 The Honorable Hubert L. Will, Senior District Judge of the United States District Court for the Northern District of Illinois, sitting by designation