### In re SOUTHEAST BANKING CORP., Debtor.

### No. 91–14561–BKC–PGH.

United States Bankruptcy Court, S.D. Florida.

June 14, 2004.

Southeast Banking Corp., Miami, FL, pro se.

Mark D. Bloom, Greenberg Traurig, LLP, Miami, FL, Stephen D. Busey, Smith Husley & Busey, Jacksonville, FL, for Jeffrey H. Beck, Chapter 7 Trustee.

Robert A. Julian, Winston & Strawn, LLP, San Francisco, CA, John W. Kozyak, Kozyak Tropin & Throckmorton, P.A., Miami, FL, for William A. Brandt, Jr., former Chapter 7 Trustee.

Scott L. Baena, Bilzen Sumberg Baena Price & Axelrod, LLP, Miami, FL, for Ad Hoc Committee of Subordinated Noteholders.

Stephen A. Goodwin, Carrington Coleman Sloman & Blumenthal, LLP, Dallas, TX, Geoffrey S. Aaronson, Adorno & Yoss, P.A., Miami, FL, for Bank of New York, Indenture Trustee.

Paul J. McMahon, Paul Joseph McMahon, P.A., Miami, FL, for Gabriel Capital, L.P.

Craig V. Rasile, Hunton & Williams, LLP, Miami, FL, for U.S. Bank National Association, Indenture Trustee.

## ORDER DENYING OBJECTORS' MOTION TO STRIKE PORTIONS OF MEDIATION STATEMENTS AND TO EXCLUDE EVIDENCE AT JUNE 16TH HEARING BASED ON DOCTRINES OF LAW OF THE CASE AND COLLATERAL ESTOPPEL

PAUL G. HYMAN, JR., Bankruptcy Judge.

This matter came before the Court on May 17, 2004, upon the Ad Hoc Committee of Subordinated Noteholders, the Bank of New York as Indenture Trustee, U.S. Bank National Association, as Indenture Trustee, and Gabriel Capital, L.P. and its affiliates (collectively, the "Objectors") Motion to Strike Portions of Mediation Statements and to Exclude Evidence at June 16th Hearing Based on Doctrines of Law of the Case and Collateral Estoppel (the "Motion"). William A. Brandt, Jr. (the "Former Trustee") filed a Response to Motion to Strike Portions of Mediation Statements and to Exclude Evidence at June 16th Hearing Based on Doctrines of Law of the Case and Collateral Estoppel (the "Response") on May 24, 2004.

The Objectors move to exclude presentation of any evidence or argument at the June 16th hearing relating to the Former Trustee's reliance on advice of counsel as an explanation for the conduct which resulted in the findings of willful misconduct against him. The Objectors argue that based upon the doctrines of collateral estoppel and law of the case, the Former Trustee may not proceed with his attempt to "relitigate" the findings of willful misconduct made by Magistrate Judge Garber, adopted by Judge Davis, and left undisturbed by the Eleventh Circuit. *See In re Southeast Banking Corp. Securities and Loan Loss Reserves Litigation,* 212 B.R. 397 (S.D.Fla.1997)[1], *rev'd in part Beck v. Bassett (In re Southeast Banking Corp.),* 204 F.3d 1322 (11th Cir.2000).

The Former Trustee argues in response that the willful misconduct findings made against him in his representative capacity

---

1. The Southeast Banking Corp. Securities and Loan Loss Reserves Litigation was a consolidated action commenced by William A. Brandt, Jr., as Trustee of Southeast, as a result of his investigation into the activities and events that led to the ultimate problems at Southeast and the alleged subsequent failure to engage in efforts to maximize the assets of the Receivership Estate prior to final distributions to Southeast's creditors, depositors, and shareholders. Defendants in the action

as Trustee of Southeast Banking, are not applicable in this fee matter because he appears here in his individual capacity seeking money on his own behalf. In addition, the Former Trustee maintains that he has been deprived of a full and fair opportunity to litigate his reliance on advice of counsel with respect to the findings of willful misconduct in the Consolidated Litigation.

■ The Former Trustee's argument regarding his appearance in different legal capacities is supported by the Restatement (Second) of Judgments § 36 which states:

§ 36. Party Appearing In Different Capacities

(1) A party appears in his individual capacity unless, in his designation as a party or by other manifestation, it is made evident that he appears in some other capacity.

(2) A party appearing in an action in one capacity, individual or representative, is not thereby bound by or entitled to the benefits of the rules of res judicata in a subsequent action in which he appears in another capacity.

> *Restatement (Second) of Judgments § 36*

Magistrate Judge Garber's Report and Recommendation in the Consolidated Litigation made several findings with respect to willful misconduct by "Plaintiff and his counsel." *See In re Southeast Banking Corp. Securities and Loan Loss Reserves Litigation,* 212 B.R. 397 (S.D.Fla.1997). The Plaintiff designation in the Report and Recommendation is "William A. Brandt, Jr., as Trustee of Southeast ('Plaintiff')." *Id.* at 400. As Trustee, he owed fiduciary duties to the estate and its creditors. Pursuant to § 36(1) of the *Restatement (Second) of Judgments* and the Report and Recommendation's Plaintiff designation,

Judge Garber's findings of misconduct were made against William Brandt, Jr., in his representative capacity as Trustee[2] of Southeast. The willful misconduct findings were not made against him in his individual capacity. "For res judicata purposes the determination as to his capacity in the transaction is binding on him only in the capacity in which he ... participated in the litigation." *Restatement (Second) of Judgments* § 36 cmt. d. The Restatement rule for parties appearing in different capacities "serves to safeguard the integrity of representative functions. A person appearing on behalf of another is required to act with complete fidelity to the interests of the beneficiary, uninfluenced by consideration of his own interest or advantage. By the same token, in appearing as a representative of another, a person should be free to take positions inconsistent with those he might assert in litigation on his own behalf or on behalf of others he represents in some other fiduciary capacity." *Restatement (Second) of Judgments* § 36 cmt. a.

"Differentiating the capacities in which a party appears has consequences with respect to the rule of both claim preclusion ... and issue preclusion. With respect to claim preclusion, a judgment on a claim favorable to plaintiff appearing in one capacity does not result in the merger therein of a claim he may have in another capacity, nor does an adverse judgment bar him from asserting such another claim.... With respect to issue preclusion, a party appearing in successive actions ... is not precluded where the capacities in which he participated are different." *Id.*

In the settlement and fee matter before the Court, the Former Trustee seeks money on his own behalf. His appearance is for the purpose of advancing his own interests rather than the interests of the estate.

_____

were Southeast's former Directors and Officers, the Federal Deposit Insurance Corporation, Resolution Trust Corporation, Deloitte & Touche, Ernst & Young, and others (the "Consolidated Litigation"). *In re Southeast Banking Corp. Securities and Loan Loss Re-* *serves Litigation,* 212 B.R. 397, 400 (S.D.Fla. 1997).

2. The Bankruptcy Code states that "[t]he trustee in a case under this title is the representative of the estate." 11 U.S.C. § 323(a).

Accordingly, the Court finds that the Former Trustee appears in his individual capacity in this matter and not in his representative Trustee capacity. Therefore, the findings of willful misconduct made against him in his representative capacity do not prohibit presentation of evidence regarding the Former Trustee's purported reliance on advice of counsel as it relates to those findings, or as it relates to the impact of those findings on his entitlement to fees.

The Objectors also argue that the doctrines of collateral estoppel and law of the case preclude the Former Trustee from presenting evidence relating to the Former Trustee's purported reliance on advice of counsel.

 The law of the case is a judicially created doctrine designed to: 1) ensure an end to litigation; 2) discourage "panel shopping"; and 3) to assure the obedience of the lower courts. *Burger King v. Pilgrim's Pride Corp.*, 15 F.3d 166, 169 (11th Cir.1994). "The law of the case doctrine applies to all issues decided expressly or by necessary implication; it does not extend to issues the appellate court did not address." *Piambino v. Bailey*, 757 F.2d 1112, 1120 (11th Cir.1985). An actual decision is required to establish the law of the case. *See* 18 WRIGHT, MILLER AND COOPER, FEDERAL PRACTICE AND PROCEDURE, § 4478. The Former Trustee's request for fees in his individual capacity was not addressed

by the appellate court. Thus the law of the case does not bar the Former Trustee from presenting evidence relating to his reliance on advice of counsel with respect to the findings of willful misconduct and the impact of those findings on his entitlement to fees.

 Having determined that the doctrine of law of the case [3] does not apply, the Court addresses the Objectors' alternative argument that collateral estoppel bars the Former Trustee from introducing evidence regarding advice of counsel. "Collateral estoppel, like the related doctrine of res judicata, has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Parklane Hosiery v. Shore*, 439 U.S. 322, 326, 99 S.Ct. 645, 649, 58 L.Ed.2d 552 (1979). Collateral estoppel may be used offensively or defensively. "Defensive use of collateral estoppel occurs when a defendant seeks to prevent a plaintiff from asserting a claim the plaintiff has previously litigated and lost against another defendant." *Id.* n. 4. Offensive use of collateral estoppel occurs when a plaintiff seeks to estop a defendant from relitigating issues the defendant has previously litigated and lost against another plaintiff. *Id.* In this matter the Objectors

---

**3.** The Objectors argue that in bankruptcy, the law of the case doctrine applies to *all actions* including adversary proceedings filed under the umbrella of a particular main case. Law of the case rules regulate judicial affairs within a single action before final judgment. They do not apply between separate actions and do not involve preclusion by final judgment. *See* 18 Wright, Miller and Cooper, *Federal Practice and Procedure*, § 4478 Law of the Case. Collateral estoppel rules on the other hand, apply to separate actions. The Court addresses both doctrines but does not determine

whether the law of the case or collateral estoppel is more appropriate in the context of Southeast Banking, a bankruptcy case filed over thirteen years ago with a docket sheet presently showing over 4500 documents filed. *See Cohen v. Bucci*, 905 F.2d 1111 (7th Cir. 1990)("It is not clear to us that the case presents questions about issue preclusion (collateral estoppel) rather than law of the case. Adversary proceedings are not distinct pieces of litigation; they are components of a single bankruptcy case . . .").

attempt to use collateral estoppel offensively.

■ The Court notes that offensive use and defensive use of collateral estoppel are subject to different considerations because offensive use poses a substantial risk of unfairness to defendants. For example, it may be unfair to apply offensive collateral estoppel where the defendant has little incentive to vigorously defend the prior action or "where the second action affords the defendant procedural opportunities unavailable in the first action that could readily cause a different result." *Id.* It may also be unfair to apply offensive collateral estoppel where a fiduciary is precluded from asserting a position that is beneficial to him personally because he is "required to act with complete fidelity to the interests of the beneficiary, uninfluenced by his own interest or advantage." *Restatement (Second) of Judgments* § 36 cmt. a. The Court notes that at the hearing on the Former Trustee's objection to adoption of Judge Garber's Report and Recommendation, "Brandt's new counsel argued that the remedy for discovery abuses should not fall on innocent creditors of the Debtor." *Beck v. Bassett (In re Southeast Banking Corp.)*, 204 F.3d 1322, 1329 (11th Cir.2000). Appearing in his fiduciary representative capacity at that hearing, the Former Trustee was required to act and apparently did act in the best interests of the estate, notwithstanding that he may have been taking a position inconsistent with his own personal interests.

The Objectors cite the following four element test for application of collateral estoppel in the Eleventh Circuit:

(1) the issue at stake is identical to the one involved in the prior proceeding;

(2) the issue was actually litigated in the prior proceeding;

(3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the first action; and

(4) the party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in the prior proceeding. *Christo v. Padgett*, 223 F.3d 1324 (11th Cir.2000)

The special concern for fairness in the use of offensive collateral estoppel is generally addressed by the requirement that there was a full and fair opportunity to litigate the issue in the prior proceeding. "As with many other limitations on issue preclusion, concern with the opportunity to litigate in the first case is easily justified when it is mingled with uncertainty as to the identity of the issues or actual litigation... In addition, it is particularly easy to understand that the very identity of the parties may influence and distort the outcome." 18 Wright, Miller and Cooper, Federal Practice and Procedure, § 4423.

■ The Court notes that the general rule regarding collateral estoppel "is subject to a number of equitable exceptions designed to assure that the doctrine is applied in a manner that will serve the twin goals of fairness and efficient use of private and public litigation resources." *Nat'l R.R. Passenger Corp. v. Pennsylvania PUC,* 288 F.3d 519, 525 (3d Cir.2002). The Court finds that application of collateral estoppel as a bar to presentation or argument regarding the Former Trustee's purported reliance on advice of counsel as it relates to this fee and settlement matter would neither promote fairness nor the efficient use of litigation resources.

Finally, the Court finds that the issue at stake in this proceeding is not identical to the one involved in the prior proceeding. The issue here is fees. Fees were not at issue in the Consolidated Litigation. Moreover, the Former Trustee appears

here in his individual capacity, whereas in the Consolidated Litigation he appeared in his representative fiduciary capacity. Consequently, collateral estoppel does not bar presentation of evidence or argument regarding the Former Trustee's purported reliance on advice of counsel with respect to the findings of willful misconduct and the impact of those findings on his entitlement to fees.

## ORDER

The Court, having reviewed the Motion, the Response, the applicable law, and being otherwise fully advised in the premises, hereby **ORDERS AND ADJUDGES** that the Objectors' Motion is **DENIED** in accordance with the provisions of this Order.